# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
MERCEDES GALLEGO

                            Plaintiff(s),

    -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC

                           Defendant(s).
-----------------------------------------------------------------x

Index #
Date Filed:

Plaintiff designates
Queens County as the place
of venue.

Basis of Venue:
Plaintiff's Residence

## SUMMONS

Plaintiff resides at:
4317 Rowne Street
Queens, NY 11355

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 3, 2020

Yours, etc.

_____
OMRANI & TAUB, PC
By: ALEX A. OMRANI, Esq.
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
488 Madison Avenue, 20th Floor
New York, NY 10022
(212) 714-1515
File #: 200184

See Rider

Defendant's Address:

THE STOP & SHOP SUPERMARKET COMPANY LLC
*Service Via Secretary of State*

**PROMPTLY FORWARD THESE DOCUMENTS TO YOUR INSURANCE CARRIER**

FILED: QUEENS COUNTY CLERK 09/04/2020 10:53 AM
NYSCEF DOC. NO. 1

INDEX NO. 715047/2020
RECEIVED NYSCEF: 09/04/2020

Case 2:20-cv-05243-AYS   Document 1-2   Filed 10/30/20   Page 4 of 8 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
MERCEDES GALLEGO

                      Plaintiff(s),

   -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC
                Defendant(s).
-----------------------------------------------------------------x

Index #
Date Filed:

***VERIFIED COMPLAINT***

Plaintiff(s), by and through attorneys, OMRANI & TAUB, PC, allege(s) the following upon information and belief:

1. That at all times relevant herein, the plaintiff, MERCEDES GALLEGO, was and still is a resident of the County of Queens, State of New York.

2. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was and still is a duly registered domestic corporation organized under, and existing by virtue of, the laws of the State of New York.

3. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was and still is a duly registered foreign corporation lawfully doing business in the State of New York.

4. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was and still is a duly registered limited liability company organized under, and existing by virtue of, the laws of the State of New York.

5. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was and still is a duly organized partnership existing and doing business under the laws of, and within, the State of New York.

6. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was and still is a sole proprietorship duly organized, existing and doing business under the laws of, and within, the State of New York.

7. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was and still is a duly organized partnership existing and doing business under the laws of, and within, the State of New York.

8. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, did business within the State of New York.

9. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, did business, and derived substantial revenue from goods used or consumed, or services rendered, within in the State of New York.

10. That at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, did and still does derive substantial revenue from real property leased, subleased, rented or sold in the State of New York.

11. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was the owner of, or had exclusive custody and control over a certain real property, or portions thereof, including the building structures and appurtenances thereupon, located on, at or about the premises commonly known and identified as 460 Franklin Avenue, Franklin Square, New York, more specifically the interior of said building used as a supermarket, (hereinafter referred to as "Premises").

12. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, operated the aforesaid Premises.

13. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, occupied the aforesaid Premises.

14. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, managed the aforesaid Premises.

15. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, controlled the aforesaid Premises.

16. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, maintained the aforesaid Premises.

17. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, leased the aforesaid Premises.

18. That on or about February 24, 2020, and at all times relevant herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, made special use of the aforesaid Premises.

19. That on or about February 24, 2020, and at all times relevant herein, it was the duty of the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees, to maintain said Premises or portions thereof in a reasonably safe and suitable condition and repair for use by those lawfully thereat.

20. That on or about February 24, 2020, and for a period of time prior to said date and the happening of the subject incident, there existed a hazardous, defective and/or trap-like condition(s) upon, at or about the aforesaid Premises.

21. That on or about February 24, 2020, the plaintiff, MERCEDES GALLEGO, was caused to be injured while lawfully present upon the aforesaid Premises, as a result of coming into contact with the aforementioned dangerous, defective, hazardous and/or trap-like condition(s) existing thereat.

22. That by reason thereof, the plaintiff, MERCEDES GALLEGO, was caused to sustain painful, permanent and disabling personal injuries, requiring medical care and treatment, and resulting in vocational and functional disability.

23. That the foregoing occurrence and the resulting injuries to the plaintiff, MERCEDES GALLEGO, were caused solely by and through the joint and several carelessness, recklessness, negligence and/or wanton and willful disregard on the part of the defendants herein, its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

24. That this action falls within one or more of the exceptions set forth in CPLR section 1602. Plaintiff defers all issues of law to the Court for resolution at the time of trial.

25. That by reason thereof, the plaintiff, MERCEDES GALLEGO, has been damaged in a substantial sum of money to be determined by the court and/or a jury, in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction over the action.

*WHEREFORE*, the plaintiff demands judgment against the defendants, joint and severally, together with the costs and disbursements of this action for an amount to be determined by the court and/or a jury.

Dated: New York, New York
September 3, 2020

_____
ALEX A. OMRANI, ESQ.

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF NEW YORK )

ALEX A. OMRANI, ESQ., being duly sworn, affirms and says that:

He is an attorney duly admitted to practice law in the State of New York and is a member of the firm of OMRANI & TAUB, P.C. in the within action; that he has read the foregoing **Summons and Verified Complaint** and knows the contents thereof, that the same is true to the best of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes them to be true.

The reason this verification is not made by the plaintiffs is that plaintiffs reside and are located outside the county wherein he maintains his office.

The source of deponent's information and the grounds for his belief, as to those matters stated upon information and belief, are statements furnished to deponent by plaintiff, personal investigation of this matter and from records in deponent's file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated: New York, New York
       September 3, 2020

_____
ALEX A. OMRANI, ESQ.